**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Anthony Lawrence LAROCHE,**
**Defendant-Appellant.**

No. 83–8442
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 30, 1984.

---

John J. Sullivan, Savannah, Ga. (Court-appointed), for defendant-appellant.

Joseph D. Newman, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

**KRAVITCH, Circuit Judge:**

The issue in this case · is whether the statutory "antique weapons" exception of 18 U.S.C. § 921(a) of the Gun Control Act of 1968 establishes an affirmative defense or creates an additional element of the crime which imposes on the government the burden of initially disproving its applicability in order to establish the crime. We hold that the exception operates as an affirmative defense which must be raised by the defendant.

Appellant, Anthony Lawrence Laroche, was convicted by a jury for violation of four counts of the Gun Control Act of 1968: knowingly making a false statement to a licensed gun dealer intending to deceive the dealer, 18 U.S.C. §§ 922(a)(6), 924(a); two counts of receiving firearms shipped in interstate commerce after being convicted of a felony, 18 U.S.C. §§ 922(h)(1), 924(a); possession of a firearm by a convicted felon, 18 U.S.C.App. § 1202(a)(1).[1]

At trial the parties stipulated that appellant had been convicted of felonies which would prohibit him from possessing, transporting or receiving guns. Evidence showed that appellant had pawned various weapons, several of which he had redeemed. Although appellant's brother testified that he, the brother, owned the guns and appellant merely acted as his agent in the transactions, the pawn tickets had been issued in appellant's name and were in appellant's possession when he was arrested. In addition, Bureau of Alcohol, Tobacco and Fire-

---

1. 18 U.S.C. § 922(a)(6) provides that it is unlawful:

(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

18 U.S.C. § 924(a) provides:

(a) Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or in applying for any license or exemption or relief from disability under the provisions of this chapter, shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine.

18 U.S.C. § 922(h)(1) applies to:

any person—

(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . .

arms transfer forms, required by law to be completed in order to effectuate a gun transaction, had been signed by Anthony Laroche. The forms contained the question whether the applicant had ever been convicted of a crime punishable by a term exceeding one year, which question was answered "No." Records of the B & B Pawn Shop identified Anthony Laroche as the pawn customer with information relating to his height, weight, race, address, drivers' license; other evidence showed the weapons previously had been shipped in interstate commerce. One weapon was in Laroche's possession at the time of his arrest.

Laroche challenges his conviction on the ground that 18 U.S.C. §§ 921(a)(16) and 921(a)(3)[2] of the Gun Control Act specifically contain an exception for antique weapons, and that this statutory exception is an element of the offense which the government is required to disprove in order to establish the crime. Consequently, according to appellant, by neglecting to prove that the weapons involved were not antiques falling within the statutory exception, the government failed to prove every element of the crime. We disagree.

■ The prosecution has the burden of proving guilt beyond a reasonable doubt, and this applies to every element of the crime. *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). Where affirmative defenses are created through statutory exceptions, the ultimate burden of persuasion remains with the prosecution, but the defendant has the burden of going forward with sufficient evidence to raise the exception as an issue. *McKelvey v. United States,* 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301 (1922); *United States v. Stout,* 667 F.2d 1347, 1353 (11th Cir.1982) ("once the government has proven the elements of the offense, the burden shifts to the defendant to demonstrate qualification under an exception.") Thus, it is incumbent upon the defendant to properly present the statutory exception, after which point the government assumes the

burden of disproving its applicability. *See United States v. Oba,* 448 F.2d 892, 894 (9th Cir.1971), *cert. denied,* 405 U.S. 935, 92 S.Ct. 979, 30 L.Ed.2d 811 (1972).

The Second Circuit recently applied these principles to the precise context presented here. In *United States v. Mayo,* 705 F.2d 62 (2nd Cir.1983), the court in deciding the allocation of the burden of proof for the "antique weapons" exception observed:

> We find no indication in the language of the statute that Congress intended the government to prove in all criminal prosecutions under 18 U.S.C. § 922 that the illegal firearms transactions involved weapons that were not antiques.

The court concluded that the legislative history of the Gun Control Act of 1968 supported its interpretation:

> Congress was not constitutionally required to exempt antique firearms from the firearms laws. Congress did, however, provide a "gratuitous defense" to safeguard the rights of persons who deal in a narrow class of weapons.
>
> In these circumstances, we will not thwart the primary thrust of the federal firearms laws and unduly stifle effective enforcement of those laws by requiring the government in all prosecutions under 18 U.S.C. § 922 to prove that the weapons involved were not antique firearms.

■ We agree with the Second Circuit and hold that the antique weapons exception is in essence an affirmative defense that must be raised by the defendant before the burden shifts to the government to disprove its applicability. Here the defense introduced no evidence that the weapons came within the exception; accordingly the government was under no obligation to disprove its applicability.

■ Appellant also challenges the sufficiency of the evidence to sustain his conviction. We find this argument without merit. Under the standard adopted by this circuit in *United States v. Bell,* 678 F.2d 547, 549

---

**2.** This ground is not applicable to the conviction under § 1202(a)(1), which does not exclude

antiques from the definition of firearms.

(5th Cir. Unit B 1982) (en banc), affirmed —— U.S. ——, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983), the evidence was adequate for a jury to find guilt beyond a reasonable doubt.

For the foregoing reasons, the conviction on all counts is AFFIRMED.