1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Long T. LAM, a/k/a John Long, Defendant-Appellant.
 No. 92-4183.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1993.
 
 Before GUY and BATCHELDER, Circuit Judges, and MILES, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant, Long T. Lam, pleaded guilty to money laundering, in violation of 18 U.S.C. Secs. 1956(a)(1)(A)(i) and (a)(1)(B)(i). The plea was pursuant to a Rule 11 agreement, which provided that in return for the guilty plea another count charging a cocaine distribution conspiracy would be dismissed. Defendant's sentencing guideline range was computed at 63 to 78 months, and the court imposed a sentence of 63 months.
 
 
 2
 On appeal, Lam makes four arguments: (1) his base offense level should have been 20 instead of 23; (2) he should have received a two-point reduction for acceptance of responsibility; (3) he should have received a two-point reduction as a minor participant; and (4) he received ineffective assistance of counsel.
 
 
 3
 Upon review, we conclude the ineffective assistance of counsel claim is without merit. We conclude that the base offense level of 23 was correct, Lam was not entitled to a two-point reduction for acceptance of responsibility, and a remand is necessitated on the issue of whether a two-point reduction should have been awarded to Lam as a minor participant.
 
 I.
 
 4
 Long Lam is a Vietnamese refugee. He has a limited education and only a limited ability to speak and understand the English language. He has been in this country since 1981 and has been more or less gainfully employed during that period of time.
 
 
 5
 Some time during the late 1980s, law enforcement agents began a drug investigation of Tomas Rodriguez. This investigation covered a three-year period, and in mid-1990, undercover officers noted possible involvement by defendant Lam. Rodriguez's drug activities were extensive and involved a considerable amount of money laundering. The specific events that resulted in Lam's indictment are described in the presentence report as follows:
 
 
 6
 On March 26, 1991, Long Lam went to the Kroger Store located at 4850 East Main Street, Columbus, Ohio, and wire transferred via Western Union, $3,000 in cash to Tomas Rodriguez. Lam utilized the name John Long, of 3684 East Livingston Avenue, Columbus, Ohio, when transferring this currency. Rodriguez retrieved the funds from Condon's Corner, 128 60th Street, West New York, New Jersey. Rodriguez later advised that the $3,000 Western Union wire transfer that he received from Lam was payment for prior cocaine deliveries. The investigators determined that the defendant had implemented a fictitious name and had used his former apartment address of 3684 East Livingston Avenue when conducting the wire transfer.
 
 
 7
 (App. 18).
 
 
 8
 After Lam was indicted, counsel was appointed to represent him. Shortly before trial, Lam indicated that he had retained his own counsel. However, the trial date was so close that the trial judge, the defendant, and both defense counsel agreed that both lawyers should continue in the case. On the morning set for trial, Lam entered his guilty plea to the money laundering count. During the plea proceedings as well as the subsequent sentencing hearing, an interpreter was present as well as Lam's two attorneys.
 
 
 9
 At the sentencing hearing, counsel for Lam argued that the indictment charged a violation of 18 U.S.C. Sec. 1956(a)(1)(A)(i) and (B)(i). From this fact counsel Boykin[1] argued:
 
 
 10
 I would note that Mr. Lam pled under 1956[a](1)(A) or 1956[a](1)(B) and since he pled under those, the guidelines provide a different level based on either of those pleas. And since the plea must be construed more favorably to the defendant and strictly against the government, it was accepted to be 1956[a](1)(B). We would start out on a level 20 instead of a level 23, and therefore, I believe that since he pled to either--to one of those two, then he should be accepted under 1956[a](1)(B).
 
 
 11
 (App. 65). Counsel Boda added:
 
 
 12
 Had he gone to trial, I don't think that he could have gotten convicted under all of those subsections. It would have been an either or kind of thing. So, I agree with Mr. Boykin, Your Honor, I think his point is well taken.
 
 
 13
 (App. 66).
 
 
 14
 On the issues of minimal participation and acceptance of responsibility, counsel Boykin argued as follows:
 
 
 15
 I think that he is entitled to--to be considered minimally involved in this situation. He in no way could he have been a leader or even a substantial part of this organization because he didn't have the knowledge. He didn't have the desire. He was, basically, going along.
 
 
 16
 They told him what to do, and he did it. His involvement was minimal, and I would also say that Long now realizes his responsibility, and he accepts responsibility for his action. He knows that--he knows that he has come forward, and he has been responsible. He is here today, and he is prepared to accept the punishment that--that the court gives to him, and he knows that--he knows that's the way that you have to be in society.
 
 
 17
 (App. 72). To this, counsel Boda added:
 
 
 18
 The only thing that I would like to add, to echo, and I think that's a very eloquent statement on behalf of Long. I agree with it, but I would like to remind the court of the technical problems that we had throughout this case that led from my involvement to Mr. Boykin becoming involved.
 
 
 19
 This is a situation where a more savvy defendant, someone that was more in tune with the criminal justice system here, even minimally, someone who had prior experience in the system, no question, would have gotten acceptance of responsibility and would have, at least, gotten minimal involvement, minor involvement if not minimal involvement.
 
 
 20
 (App. 76).
 
 
 21
 Both counsel also stressed the childhood hardships that Lam had endured living in Viet Nam during the war and also emphasized his hard work and financial stability since coming to the United States.
 
 
 22
 When the government was asked whether it had any recommendations regarding sentence in this case, the assistant United States attorney responded:
 
 
 23
 We have no specific recommendation other than that we believe the offense level, as I understand it from the PSI, is level 26, 63 to 73 months. The sentence guidelines fall within that range. There is no basis for a downward departure.
 
 
 24
 (App. 68).
 
 
 25
 However, earlier on the date that the plea was taken, this same assistant United States attorney, in explaining the plea agreement to the court, indicated as follows:
 
 
 26
 There is one additional thing, your Honor, that is not in the written plea agreement--because I did not have the computer disc with me that we could type it in--I did advise Mr. Lam and his attorneys that I would recommend that under the guidelines his role in this particular offense would be a minor one. But that would be only a recommendation and is in no way binding on the Court.
 
 
 27
 (App. 51).
 
 
 28
 After sentence was pronounced and Lam's appeal rights were explained to him, he indicated he did not wish to appeal. Subsequently, a new attorney was appointed and this appeal followed.
 
 II.
 
 29
 We address first defendant's claim that he should have been given a two-point downward departure for being a minor participant. On appeal, the government has indicated it does not object to a remand for the purpose of determining Lam's proper role in the offense. The government has indicated it does not agree with the district court's failure to award a two-point reduction. We would not remand on the basis of the government simply disagreeing with the district court's conclusion. Here, however, the government made a promise when the plea was taken that it would recommend at sentencing a two-point reduction be awarded for minimal participation. The government failed to do so, and, although we are not suggesting that it was other than an oversight, we think fairness demands the matter be remanded so the court can revisit this matter, having in mind specifically that the government is recommending that Lam be given the two-point reduction.
 
 
 30
 We find no merit to defendant's argument relative to acceptance of responsibility. He did not plead guilty until the morning of trial, and he did nothing to help the government further its investigation of this large cocaine conspiracy. In fact, he did not even make a statement to the probation officer, although his failure to do so was on the advice of counsel.
 
 
 31
 Insofar as the computation of the base offense level is concerned, we agree with the government and the district judge that level 23 was appropriate. Defendant's argument to the contrary proceeds on an erroneous premise. Defendant argues that, since he pleaded guilty to a violation of Sec. 1956(a)(1)(A)(i) and (a)(1)(B)(i), he should be given the benefit of the base offense level which is the lower of the two levels carried by these separate sections. We disagree. Defendant entered a guilty plea which encompassed both sections, the factual predicate presented at the time the plea was taken supports a conviction under either or both sections, and there is no prohibition against being convicted of both sections.
 
 
 32
 This now brings us to defendant's ineffective assistance of counsel claim. Although generally we do not entertain ineffective assistance of counsel claims on direct appeal, see United States v. Smith, 981 F.2d 887, 894 (6th Cir.1992), we are not prohibited from doing so if it appears that the record is complete enough for us to evaluate counsel's performance. Here, defendant not only had competent and experienced appointed counsel, but also had his own retained counsel. Both attorneys represented him at the plea taking and the sentencing hearing, and both raised the arguments in the district court that are now being raised on appeal.
 
 
 33
 Since we are remanding on the issue of being a minimal participant, there is obviously no ineffective assistance of counsel claim that can attach to that issue. On the issue of the base offense level, we have indicated that, although counsel tried to make an argument in support of a base offense level of 20, there simply was no justifiable legal argument that they could make.
 
 
 34
 On the issue of acceptance of responsibility, the only possible fault that could be found with counsel's performance is the advice to the defendant not to make a statement to the probation officer. However, this was clearly a strategy decision, and even if the strategy is wrong, it does not form the basis for an ineffective assistance of counsel claim if a rational basis can be perceived for adopting such a strategy. Here, any number of reasons come to mind as to why the attorney may have advised his client not to make a statement to the probation officer.
 
 
 35
 Accordingly, nothing would be served by not considering this ineffective assistance of counsel claim on direct appeal. On the contrary, a fruitless Sec. 2255 petition would be generated, which would only prolong this matter further, would not be in the interest of judicial economy, and would not benefit the defendant.
 
 
 36
 In sum, we REMAND for a reconsideration of the "minor participant" issue, AFFIRM the district court on all other sentencing determination issues, and REJECT defendant's contention that he received ineffective assistance of counsel.
 
 
 
 *
 Honorable Wendell A. Miles, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 Mr. Boykin was retained counsel