21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie James LIVINGSTON, a/k/a James Davis, a/k/a Frank
James Davis, a/k/a Bill Livingston, Defendant-Appellant.
 No. 93-5763.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 17, 1994.
Decided: April 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, District Judge. (CR-93-5-BO)
 G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 J. Douglas McCullough, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lonnie James Livingston pleaded guilty to bank robbery, 18 U.S.C.A. Sec. 2113(a), (d) (West 1984 & Supp.1993), and to use of a firearm in a crime of violence, 18 U.S.C.A. Sec. 924(c) (West Supp.1993). He was sentenced to a term of ninety-two months imprisonment for the bank robbery, to be followed by a mandatory consecutive sixty months for the Sec. 924(c) conviction. Livingston contends on appeal that the district court erred in making an enhancement for an express threat of death during the bank robbery when he was being sentenced at the same time for the Sec. 924(c) conviction. Livingston did not object to the sentence calculation in the district court. However, the government concedes plain error. We vacate the sentence and remand for resentencing.
 
 
 2
 While the probation officer was conducting the presentence investigation, he learned from the bank teller that, as Livingston was robbing the bank, he pointed the revolver at the teller and threatened to kill her. The presentence report accordingly contained a recommendation for an enhancement for an express threat of death under guideline section 2B3.1(b)(2)(F) (Robbery).[1]
 
 
 3
 At the sentencing hearing, Livingston argued that the teller's account of the threat was not credible. Nonetheless, the district court found as a fact that he had made the death threat. Livingston did not otherwise contest the enhancement. We review issues raised for the first time on appeal under the plain error standard. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). We find that plain error occurred here. No enhancements are to be made under guideline section 2B3.1(b)(2)(A)-(F) when a defendant is sentenced for a Sec. 924(c) conviction and at the same time for the underlying offense; an exception is made for circumstances not present in this case. U.S.S.G. Sec. 2K2.4, comment. (n.2) (Use of Firearms During or in Relation to Certain Crimes). See United States v. Duran, 4 F.3d 800, 804 (9th Cir.1993), cert. denied, 62 U.S.L.W. 3471 (U.S.1994); United States v. Smith, 981 F.2d 887, 892 (6th Cir.1992).
 
 
 4
 The sentence is therefore vacated, and we remand for resentencing without the enhancement for an express threat of death.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 The government points out that the new guideline range, 77-96 months, will overlap with the range previously used, 92-115 months, and the district court may wish to impose the same sentence. Because the court might impose a different sentence when using the correct range, resentencing is necessary. United States v. McCrary, 887 F.2d 485, 489 (4th Cir.1989)