37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Francis William WERTH, Defendant-Appellant.
 No. 93-2379.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 Before: BROWN, KENNEDY and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Francis William Werth appeals his conviction, imposed pursuant to a guilty plea, and sentence on the ground that the district court erred in not allowing him to withdraw his plea prior to sentencing. For reasons stated hereafter, we affirm.
 
 Background
 
 2
 Werth was charged with eight counts of embezzlement from an employee benefit plan in violation of 18 U.S.C. Sec. 644 and three counts of falsification of records pertaining to an employee benefit plan in violation of 18 U.S.C. Sec. 1027.
 
 
 3
 Pursuant to a plea agreement, Werth pled guilty to Counts 7 and 9 of the indictment on July 16, 1993. Under the plea agreement, Werth was permitted to select the two counts to which he would plead guilty, so long as he pled to one violation of 18 U.S.C. Sec. 664 and one violation of 18 U.S.C. Sec. 1027. On October 25, Werth filed a motion to withdraw his plea to Count 9 based on the contention that, unaware of a change in the United States Sentencing Guidelines (USSG), he mistakenly chose Count 9, instead of Count 10 or 11, which caused his offense level to be increased to level 24, adjusted to 23.[1] The district court rejected his motion. The court sentenced him under the 1992 guidelines to 54 months (out of a sentencing range of 46-57 months) incarceration for both counts, to run concurrently, plus supervised release and restitution.
 
 Discussion
 
 4
 Werth claims the district court abused its discretion by denying his motion to withdraw his guilty plea prior to sentencing. He claims the court erred by not recognizing that ex post facto law applies to the sentencing guidelines and by not considering his counsel's bad advice as a "fair and just" reason to withdraw his plea.
 
 
 5
 Fed.R.Crim.P. 32(d) allows a court to permit withdrawal of a plea, upon motion made prior to sentencing, if the defendant shows a "fair and just" reason. A district court's decision denying a defendant's motion to withdraw his plea is reviewed for abuse of discretion. United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990); United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987).
 
 
 6
 There are several factors a district court may consider when evaluating whether a defendant has established a "fair and just" reason to withdraw his guilty plea. Spencer, 836 F.2d at 238-39. "One factor is the length of time between the entry of the guilty plea and the filing of the motion to withdraw it." Id. at 239. Lack of promptness in filing a motion to withdraw a guilty plea is a sufficient ground to deny the motion, as the purpose of Fed.R.Crim.P. 32(d) is "not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." Id. (internal quotations omitted). A second factor is the defendant's reason for not presenting the ground for withdrawal earlier in the proceedings. "[W]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." Id. Whether the defendant has asserted and maintained his innocence is a third factor. Id. A fourth factor is the circumstances surrounding the entry of the plea of guilty, including the nature and background of the defendant. Id. at 239-40. A final factor is the potential prejudice to the government if the court grants the defendant's motion to withdraw a guilty plea. Id. at 240.
 
 
 7
 In this case, the district court considered the Spencer factors before ruling on Werth's motion to withdraw his guilty plea. After considering those factors, the district court denied his motion, concluding that the sentencing guidelines are not subject to ex post facto analysis and thus the count to which Werth pled did not matter. The district court misstated the law. The court stated that "[e]x post facto does not apply to sentence guidelines matters. If it did, potentially the argument that is being made here concerning misinforming a client may or may not be applicable."
 
 
 8
 It is well-established in this court that the guidelines in effect at the time of sentencing apply, unless doing so would cause the defendant to receive a higher sentence than he would if sentenced under the guidelines in effect at the time the crime was committed in violation of the Ex Post Facto Clause to the Constitution. United States v. Kussmaul, 987 F.2d 345, 351-52 (6th Cir.1993); United States v. Holmes, 975 F.2d 275, 278-80 (6th Cir.1992), cert. denied, 113 S.Ct. 1322 (1993). Therefore, the Ex Post Facto Clause does apply to the sentencing guidelines.
 
 
 9
 While the district court did err by misstating the law, the error was not prejudicial to Werth. Had the court permitted Count 9 to be replaced by Count 10 or 11, Werth's sentence would have remained the same because of the application of USSG Sec. 3D1.3(a). Under Sec. 3D1.3(a), when closely-related counts are grouped together, the defendant's offense level is set by using the count that is considered the most serious of the group, i.e., the count with the highest offense level. In this case, Count 7, charging embezzlement and theft from an employee benefit plan in violation of 18 U.S.C. Sec. 644, was grouped with Count 9, charging falsification of required records pertaining to an employee benefit plan in violation of 18 U.S.C. Sec. 1027. Counts 7 and 9 both had adjusted offense levels of 23, resulting in a sentencing range of 46-57 months. Therefore, the court did not have to choose the offense level for the more serious offense as both counts resulted in the same offense level. Werth is correct that pleading to Count 10 or 11, both involving violations of 18 U.S.C. Sec. 1027, rather than pleading to Count 9, would have produced a lower offense level for the single count. However, the determinative factor is that Count 7 had an offense level of 23. Therefore, the district court would have been bound by USSG Sec. 3D1.3(a) to use the offense level for Count 7, even if Werth had been permitted to plead to Count 10 or 11, and the sentencing range would not have changed.
 
 
 10
 Werth does not claim that he intended to withdraw his plea to Count 7 or that his plea to Count 7 was made in error. Therefore, the district court did not err in denying his motion to withdraw his guilty plea to Count 9, because Werth's sentencing range would have remained the same if he had pled guilty to Count 10 or 11 instead of Count 9. Truly, the district court's reason for the denial of the motion to withdraw was in error, but its ultimate conclusion that it made no difference in the sentencing range was correct. Thus, there was no abuse of discretion by the court in denying Werth's motion to withdraw his plea of guilty.
 
 
 11
 Werth makes one additional contention. He argues that his counsel's advice was so bad that his counsel was ineffective, contrary to his right to effective assistance under the Sixth Amendment. Werth claims the district court erred by not considering ineffective assistance of counsel as a "fair and just" reason to withdraw his guilty plea. This argument is just a restatement of his initial argument that his motion to withdraw should have been granted because his counsel advised him to plead guilty to the wrong count. Nevertheless, even assuming Werth's contention is a new argument, alleging ineffective assistance of counsel, his claim fails.
 
 
 12
 Generally, this court does not permit a defendant to raise an ineffective assistance of counsel claim for the first time on direct appeal. United States v. Smith, 981 F.2d 887, 894 (6th Cir.1992). Occasionally, however, when the record is adequate to assess the merits of a defendant's allegations, this court will consider an ineffective assistance of counsel claim even though it was not raised at the district court. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993); United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). The Fourth Circuit has held that when ineffective assistance of counsel is being raised as a "fair and just" reason for permitting a withdraw of a guilty plea under Fed.R.Crim.P. 32(d), as opposed to being raised as an independent constitutional basis for reversal, it can be reviewed on direct appeal. United States v. Craig, 985 F.2d 175, 178 (4th Cir.1993).
 
 
 13
 To show ineffective assistance of counsel in the context of a guilty plea, a defendant must show cause and prejudice. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The cause prong is met by showing that counsel's representation fell below an objective standard of reasonableness. Id. at 57-58. To satisfy the prejudice requirement, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.
 
 
 14
 In this case, the first prong does not have to be considered as Werth clearly cannot meet the second prong. Werth does not claim that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Rather, he claims he would have pleaded guilty to a different count of the indictment. Nowhere in his brief does he even suggest that he would have insisted on going to trial absent his counsel's bad advice. Therefore, as Werth has failed to establish ineffective assistance of counsel in this case, this court need not consider whether ineffective assistance of counsel is a "fair and just" reason under Fed.R.Crim.P. 32(d) to permit withdrawal of a guilty plea.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The date of the commission of the crime in Count 9 was April 12, 1991. As this crime occurred after an amendment to USSG Sec. 2B1.1(b), effective November 1, 1990, which provides for an increase in the offense level to level 24 if the defendant's actions "substantially jeopardized the safety and soundness of a financial institution," Werth received a higher offense level for this count than he would have received if he had pled guilty to Count 10 or 11. Count 10 involved a violation occurring on April 5, 1990, and Count 11 involved a violation occurring on April 26, 1989. Had he pled guilty to either Count 10 or 11, his adjusted offense level for this count would have been 16, resulting in a sentencing range of 21-27 months