56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sam HOPE, Defendant-Appellant.
 No. 93-2868.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1995.[1]
Decided May 18, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Defendant Sam Hope pled guilty to unlawful possession of firearms by a convicted felon, 18 U.S.C. Sec. 922(g)(1), and he was sentenced to 87 months' imprisonment. Defendant challenges his sentence.
 
 
 2
 Defendant was arrested after being stopped by the police while driving, and in his car the police discovered a .22 caliber revolver. A subsequent search of defendant's home, pursuant to a search warrant, revealed a .22 caliber rifle and a .303 caliber rifle in his living room, and a sawed-off shotgun in his bedroom closet. Unsure whether the sawed-off shotgun and .303 caliber rifle were operable, defendant was only charged with, and convicted of, possession of the other two firearms. However, the presentence investigation report (PSI) reflected that a report from a laboratory technician with the Bureau of Alcohol, Tobacco, and Firearms (ATF), concluded that the sawed-off shotgun was easily made operable by inserting a coat hanger in the position of the missing firing pin.
 
 
 3
 The sawed-off shotgun has now become a point of contention (though no objection was made at sentencing) because the offense level rose two levels when the district court applied U.S.S.G. Sec. 2K2.1(a)(3), which permits the court to consider as relevant conduct defendant's possession of the sawed-off shotgun at the same time and place as he possessed the firearms charged in the indictment.
 
 
 4
 Defendant argues that it was plain error for the district court to rely on the ATF report because it was "unreliable hearsay." Even if we were to find an "actual miscarriage of justice" (United States v. Wagner, 996 F.2d 906, 916 (7th Cir. 1993), defendant has failed to show the challenged information was inaccurate. See United States v. Campbell, 985 F.2d 341, 348 (7th Cir. 1993). Defendant maintains that the ATF findings were uncorroborated. A laboratory finding that a firearm is operable is not the type of evidence that requires corroboration. Defendant's argument that the two-level increase was based on merely "a one page piece of paper" ignores the content and substance of the report. Defendant's attempt to characterize the ATF report as "unsubstantiated" and "unreliable" would be more appropriate if, for example, the prosecutor had merely speculated, without any testing or laboratory report, that the sawed-off shotgun could be made serviceable with a coat hanger, or if defendant had proffered evidence undermining the validity of the method of the test.
 
 
 5
 Defendant also argues that the district court failed to make a finding as to whether the shotgun fell within the "antique firearm" language pursuant to 26 U.S.C. Sec. 5845(g). Both the oral findings made by the judge at sentencing and the judgment he entered show the contrary to be true. The relevant statute defines "antique firearm" as any firearm "using fixed ammunition manufactured in or before 1898, for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade." The district court expressly found at the sentencing hearing that the shotgun was tested "using commercially available federal 10-gauge shot shell," and that the test firing disclosed that the firearm was "capable of expelling a projectile by the action of an explosive." In addition, the judgment of conviction states that the shotgun "is not an antique weapon as defined in 26 U.S.C. Sec. 5845(g)."
 
 
 6
 Defendant next argues that we should find plain error in the government's breach of the "spirit" of the plea agreement because defendant was unaware that the ATF report existed until shortly before sentencing. Defendant complains that the PSI had an addendum reporting the ATF findings, and that he did not know about the ATF report when he entered into the plea agreement. This argument fails. Defendant was verbally informed by the government of the ATF test results prior to the plea.[2]
 
 
 7
 At the sentencing hearing, when the content of the ATF report was raised, defense counsel not only made no objection -- he expressly stated that defendant did not want to challenge the ATF's findings.[3] Defense counsel recited several courses of strategy that defendant considered before entering into the plea agreement, including a defense that the sawed-off shotgun constituted an antique firearm, which would entail presenting expert testimony. Defense counsel also acknowledged that pre-hearing negotiations centered on "reconvening the grand jury to submit this evidence concerning the sawed-off shotgun as an enhancement under the provision of 26 U.S.C. Sec. 5845." (Tr. 9) No plain error occurred. See United States v. Smith, 981 F.2d 887, 891-92 (6th Cir. 1992) (no plain error where, at both the change of plea hearing and sentencing hearing, defendant failed to argue that the firearm was antique, an argument which is in the nature of an affirmative defense).
 
 
 8
 Defendant also points to a "promise" in the plea agreement that the government would not bring "any further charges against the defendant based on the facts giving rise to the indictment." At the sentencing hearing, the prosecutor did concede that he was under the belief that "the shotgun would not be included in the calculations. Those representations ... were made to defense counsel that it was the government's belief that a base level [of] 20 was applicable in this case. The government was mistaken and stands corrected...."[4] Nevertheless, providing all relevant information to the sentencing court does not constitute seeking enhancement for uncharged but relevant conduct. In addition, the plea agreement specified that defendant "should not rely upon a particular period of incarceration based upon any guideline computation discussion between defense counsel and the government"; and the judge instructed defendant at the plea hearing that all relevant conduct would be considered in the guideline computation, that defendant should not rely on any prior guideline discussions, and that the court did not yet know what sentencing guideline would apply. Under these facts, we find cannot fault the sentencing court, particularly under a plain error analysis.
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 The shotgun was sent to the ATF laboratory for testing on April 5, 1993, and the ATF technician test-fired the shotgun on April 16, 1993. The plea agreement was signed on April 28, 1993. Defendant concedes that the ATF report was received by his attorney on July 17, 1993, prior to the July 22, 1993 sentencing hearing
 
 
 [3]
 Defense counsel stated: "I don't want to argue that it's not easibly [sic] restorable, if, indeed, that's all the FBI had to do was stick a coat hanger in, and, thus, something was fired out of it."
 
 
 [4]
 The correct calculation under Sec. 2K2.1(a)(3) carries a base offense level of 22; prior to sentencing, the parties mistakenly thought the applicable guideline was Sec. 2K2.1(a)(3), which carries a base offense level of 20