# Matter of Carlos Ovidio MENDEZ-ORELLANA, Respondent

File A092 526 474 - Los Angeles, California

*Decided June 9, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  In removal proceedings, the antique firearm exception in 18 U.S.C. § 921(a)(3) (2006) is an affirmative defense that must be sufficiently raised by an alien charged under section 237(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(C) (2006), as an alien who has been convicted of an offense involving a firearm.

(2)  Where the Department of Homeland Security has presented evidence that an alien has been convicted of an offense involving a firearm, it has met its burden of presenting clear and convincing evidence of deportability, and the burden then shifts to the respondent to show that the weapon was, in fact, antique.

FOR RESPONDENT:  Amanda Shooshtary, Esquire, Los Angeles, California

FOR THE DEPARTMENT OF HOMELAND SECURITY:  M. Kristina DeGuzman, Assistant Chief Counsel

BEFORE:  Board Panel:  GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

In a decision dated November 18, 2008, an Immigration Judge terminated the removal proceedings against the respondent.  The Department of Homeland Security ("DHS") has appealed from that decision.  The respondent has submitted an opposition brief.  The DHS's appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Guatemala who was admitted to the United States on December 1, 1990, as a lawful permanent resident. The record reflects that the respondent was convicted on the basis of his guilty plea on February 25, 1993, in the California Superior Court for Orange County, of carrying a loaded firearm in a vehicle and carrying a concealed firearm in a vehicle in violation of sections 12031(a) and 12025(a) of the California

Penal Code. The DHS initiated removal proceedings against the respondent, charging that he is removable under section 237(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(C) (2006), as an alien convicted of an offense involving a firearm, as defined in 18 U.S.C. § 921(a) (2006).

At his hearing before the Immigration Judge, the respondent argued that he is not removable as charged because the Federal definition of a firearm specifically excludes antique firearms. The Immigration Judge found that he was unable to determine on the record of conviction submitted by the DHS whether the firearm involved could be considered an antique. He therefore concluded that the respondent's removability had not been established and terminated the proceedings.

## II. ANALYSIS

The DHS argues on appeal that the Immigration Judge erred in terminating the proceedings because the antique firearm exception is an affirmative defense and the respondent submitted no evidence that the firearm used in the commission of his crimes was an antique. In response, the respondent asserts that the Immigration Judge properly terminated the proceedings because although the DHS had several opportunities to present documentation to establish whether the firearm was an antique, it failed to do so and therefore failed to meet its burden of establishing removability. We review this question of law de novo and disagree with the Immigration Judge's conclusion. 8 C.F.R. § 1003.1(d)(3)(ii) (2010); *see also Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008).

Section 237(a)(2)(C) of the Act provides for the removability of an alien convicted of an offense involving a firearm, as that term is defined in 18 U.S.C. § 921(a). According to 18 U.S.C. § 921(a)(3),

> The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. *Such term does not include an antique firearm.*

(Emphasis added).

It is well established in criminal proceedings that the "antique firearm" exception in 18 U.S.C. § 921(a)(3) is an affirmative defense that must be raised by a defendant by sufficient evidence to justify shifting the burden to the Government to disprove its applicability. *United States v. Lawrence*, 349 F.3d 109, 122 (3d Cir. 2003) (noting that every circuit court of appeals that has considered the issue agreed that establishing that a weapon is an antique firearm for purposes of 18 U.S.C. § 921 is an affirmative

defense); *see also United States v. Washington*, 17 F.3d 230, 232 (8th Cir. 1994); *United States v. Smith*, 981 F.2d 887, 892 (6th Cir. 1992); *United States v. Mayo*, 705 F.2d 62, 74-76 (2d Cir. 1983) (holding that the antique firearm exception did not create an additional element for the Government to prove in order to win a conviction, which would make law enforcement more difficult and thwart the congressional policy of controlling the illegal firearms market). Simply raising the possibility that a firearm might qualify as an antique is not sufficient to carry the burden of raising an affirmative defense. *United States v. Lawrence*, 349 F.3d at 123.

We conclude that in removal proceedings, the antique firearm exception in 18 U.S.C. § 921(a)(3) is also an affirmative defense that must be sufficiently raised by an alien who has been charged under section 237(a)(2)(C) of the Act. *See Matter of P-F-*, 20 I&N Dec. 661, 663 n.2 (BIA 1993) (citing *United States v. Laroche*, 723 F.2d 1541 (11th Cir. 1984)). Where the DHS has presented evidence that an alien has been convicted of an offense involving a firearm, as that term is defined in 18 U.S.C. §§ 921(a)(3)(A)–(D), it has met its burden of presenting clear and convincing evidence of deportability. The burden then shifts to the respondent to show that the weapon was, in fact, antique. *See* section 240(c)(3) of the Act, 8 U.S.C. § 1229a(c)(3) (2006).

In this case, the DHS submitted the respondent's record of conviction, including the felony complaint and his guilty plea, which indicate that he was convicted of carrying a loaded ".25 caliber Colt semi-automatic pistol." The DHS therefore met its initial burden of demonstrating that the respondent's California convictions involved weapons that qualify as "firearms" under 18 U.S.C. § 921(a)(3). The respondent did not present any evidence to establish that he was convicted of carrying an antique firearm.

We conclude that the Immigration Judge erred in terminating the proceedings against the respondent. Accordingly, his decision will be vacated and the record will be remanded for further proceedings to determine the respondent's removability. Although the respondent has not directly represented that the weapon he possessed was, in fact, an antique under Federal law, he will have an opportunity on remand to bring evidence to bear on this question and to apply for any form of relief from removal for which he may be eligible.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER**: The decision of the Immigration Judge is vacated, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision and for the entry of a new decision.