UNITED STATES of America, Appellee,

v.

Gustavo ROSADO–UBIERA; Cespedes–Nunez; Beltre–Mora, Defendants,

Gustavo Rosado–Ubiera, Defendant–Appellant.

No. 192, Docket 91–1148.

United States Court of Appeals, Second Circuit.

Submitted Oct. 1, 1991.

Decided Oct. 23, 1991.

James T. Cowdery, Hartford, Conn. (Chatigny & Cowdery, of counsel), submitted a brief for defendant-appellant.

Peter D. Markle, Asst. U.S. Atty., D. Connecticut, New Haven, Conn. (Richard N. Palmer, U.S. Atty., of counsel), submitted a letter for appellee.

Before CARDAMONE, WALKER and McLAUGHLIN, Circuit Judges.

PER CURIAM:

In the summer of 1990, the Federal Bureau of Investigation (FBI) utilized a cooperating witness named Marvin Sachs to arrange a cocaine purchase from one Gilberto Cespedes. During August and September 1990 these two negotiated and arranged a deal whereby Cespedes agreed to deliver on September 24 five kilograms of cocaine to Sachs in Darien, Connecticut for $150,000. Cespedes stated that he would be with two other men, that the cocaine would be in the trunk of a light blue car parked nearby, and that he would give Sachs the trunk keys to inspect the merchandise, after which Sachs was to give him the money.

On the appointed day appellant, Gustavo Rosado–Ubiera, drove up in a light blue Chevrolet, parked near Cespedes' vehicle, and, while keeping watch over his car, walked away. Sachs went to Cespedes' automobile, got the keys to the trunk of appellant's Chevrolet, walked over to it, opened the trunk, and counted five kilogram-sized packages. At that point, Cespedes, Rosado, and one Beltre–Mora were arrested. It was later discovered that the packages contained only 62 grams of cocaine. The rest was boric acid, a substance similar in texture to cocaine.

On December 6, 1990 Rosado pled guilty to a substitute information charging him with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. As part of the plea agreement, the government agreed to make a recommendation that Rosado's offense level be reduced by two levels for acceptance of responsibility, and by another four levels for his minimal role in the offense. Upon receiving the Presentence Report, Rosado's counsel objected to the characterization of the substance as 5,000 grams of cocaine for purposes of the Sentencing Guidelines, and to the inclusion of co-defendant Beltre's assertion that Cespedes and Rosado were "partners in cocaine dealing."

A sentencing hearing took place on February 28, 1991. The district court judge stated his intention to depart downward on the basis of low purity, but there was a dispute respecting appellant's role in the offense. Although the government recommended the reduction based on Rosado's minimal role in the offense pursuant to the plea agreement, the probation officer had recommended to the contrary that no reduction be made. Because the sentencing court had already planned to depart downward it did not believe it needed to resolve the outstanding factual disputes and application issues that would ordinarily be necessary for a sentence within the guidelines range.

Informally computing a base level, the sentencing court factored in a two-level reduction for acceptance of responsibility in arriving at a "starting point" of level 30. Since Rosado was in offense level Category I, the minimum sentence in the range was 97 months. The district court then stated that though it was appropriate to depart downward because of the trace amount of cocaine involved, it would limit the departure because of appellant's having, according to the probation department, an equal role with Cespedes. Judge Dorsey then imposed sentence as follows:

> Taking all of those factors into consideration, ... [the] appropriate sentence [is] as follows: It will be the sentence and judgment of this Court that the defendant will be committed to the custody of the Attorney General of the United States or his authorized representative for a period of 70 months.

.  .  .  .  .

This 70 months sentence is actually higher than the bottom of the range that would have resulted had the defendant received the four-level reduction for a minimal role in the offense. Assuming the four-level reduction, his sentencing range would have been 63–78 months, and at the bottom of that range he would have received a more favorable sentence than the 70 month sentence he actually received as a result of the downward departure. Appellant Rosado appeals, seeking a remand for resentencing, and the government has joined in seeking a remand.

## DISCUSSION

 Where a defendant challenges factual allegations in a presentence report, the sentencing court "must either make a finding concerning the objection or a determination that such a finding is unnecessary because 'the matter controverted will not be taken into account in sentencing.'" *United States v. Ursillo*, 786 F.2d 66, 68–69 (2d Cir.1986) (citing Fed.R.Crim.P. 32(c)(3)(D)(i) & (ii)). *See also United States v. Macklin*, 927 F.2d 1272, 1281 (2d Cir. 1991); *United States v. Shoulberg*, 895 F.2d 882 (2d Cir.1990). By failing to resolve the appellant's precise role in the offense, the district court incorrectly applied the sentencing guidelines when it calculated the applicable range from which to depart.

Here disputed facts were taken into account and the applicable guidelines were considered by the district court as a starting point for the departure downward. The court stated: "So that's where I start from. And the question is what is the appropriate sentence given that the departure is from those levels. In other words, I'm not starting from scratch. I start from the levels that have been calculated." Clearly, Rosado's role in the offense could have affected his sentence in terms of the baseline from which the district court's departure would have begun.

The instant claim is not one where the district court refuses to depart downward, *see, e.g., United States v. Prescott*, 920 F.2d 139 (2d Cir.1990), nor does it involve the extent of that departure, *see, e.g., United States v. Tillem*, 906 F.2d 814 (2d Cir. 1990). At issue in this case is whether the district court erred in failing to decide disputed issues concerning Rosado's role in the offense and in considering unreliable and inappropriate information in evaluating that role. Because the district court used the sentencing guideline ranges as a starting point for departure, it should have resolved the issue of Rosado's role in the offense. Where, as here, the downward departure results in a longer sentence than the bottom of the range that would have applied had the sentencing court found in appellant's favor, a remand for resentencing is required. In light of the remand, it is unnecessary for us to address or decide appellant's claim that the sentencing court considered unreliable evidence and misapplied the guidelines in evaluating Rosado's role in the offense.

The judgment of conviction insofar as it imposed sentence is vacated and the case remanded to the district court for further proceedings consistent with this Per Curiam.