**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Pete UPTHEGROVE, Defendant–Appellant.**

**No. 91–2991.**

United States Court of Appeals, Seventh Circuit.

Submitted June 16, 1992.

Decided Sept. 3, 1992.

Andrew B. Baker, Jr., Asst. U.S. Atty., Dyer, Ind., for plaintiff-appellee.

Fred R. Hains, South Bend, Ind., for defendant-appellant.

Before CUMMINGS, POSNER and MANION, Circuit Judges.

PER CURIAM.

Pete Upthegrove pleaded guilty to one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. On appeal, Upthegrove's appointed counsel filed a motion to withdraw, believing any appeal would be frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the *Anders* brief, counsel identifies several issues that Upthegrove conceivably could argue on appeal. Although none of these arguments merits reversal, one issue is of first impression in this Circuit: whether

the poor quality of the marijuana involved in the offense is a factor justifying a discretionary downward departure under the United States Sentencing Guidelines. We have therefore chosen to address this issue in a published opinion; the rest are decided today in an unpublished order.

 Upthegrove picked marijuana as part of a broad marijuana distribution network. The type of marijuana he picked is commonly referred to as "Indian ditch weed." It is a low grade marijuana typically used as filler with higher grade marijuana. At sentencing, the district court refused to grant a downward departure from the applicable guideline range for the poor quality of the marijuana. Ordinarily, we lack jurisdiction to consider discretionary refusals to depart downward. *United States v. Gant*, 902 F.2d 570, 572 (7th Cir.1990). In this case, however, the district court did not exercise its discretion, but instead concluded that it had no authority to depart. In such a case, we have appellate jurisdiction. *United States v. Poff*, 926 F.2d 588, 590–91 (7th Cir.) (en banc), *cert. denied*, —— U.S. ——, 112 S.Ct. 96, 116 L.Ed.2d 67 (1991). Nonetheless, we agree with the district court that a downward departure based on the low quality of the relevant drug is improper. Although this Court has not squarely addressed this particular issue in the past, the Sentencing Guidelines and the case law do provide strong guidance.

The section of the guidelines entitled "Grounds for Departure" explains that:

> the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)). It is clear from the text of the guidelines that the Sentencing Commission adequately took into consideration the quality of the drugs. The Sentencing Commis-

sion made an explicit decision to focus on the weight and not the purity of the drugs in determining the offense level. Section 2D1.1(a)(3) of the guidelines indicates that the base offense level for the majority of drug offenses is to be set by reference to the Drug Quantity Table, a table based solely on the weight of the substance involved. Section 2D1.1(c) further explains: "Unless otherwise specified, the weight of a controlled substance set forth in the [Drug Quantity T]able refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." *Application Note 9* of section 2D1.1 "otherwise specifies" that in cases where an unusually pure form of the drug is involved, an upward departure may be warranted. There is no corresponding provision suggesting a downward departure for low quality drugs. If district courts could depart from the Drug Quantity Table anytime they are faced with drugs of less than "average" purity, the Sentencing Commission's decision to focus on the weight of the drugs in sentencing would be eviscerated.

Nor does the case law support Upthegrove's argument. As we noted in *United States v. Blythe*, 944 F.2d 356, 362 (7th Cir.1991), "the penalty for drug possession and distribution is determined by the quantity of the 'mixture or substance containing a detectable amount' of a drug rather than the amount of pure drug." *United States v. Garcia*, 925 F.2d 170 (7th Cir.1991), is analogous. In that case, we affirmed a sentence that had been based on the weight of the damp marijuana actually seized from the defendant's home, despite the fact that marijuana is usually sold dried. We declined to give the defendant the benefit of the dry as opposed to the wet weight of the marijuana. Similarly, credit for dealing with low as opposed to high grade marijuana is also inappropriate. This holding conforms with opinions from other circuits regarding the purity issue. *See, e.g., United States v. Touby*, 909 F.2d 759, 772 (3d Cir.1990), *aff'd*, —— U.S. ——, 111 S.Ct. 1752, 114 L.Ed.2d 219 (1991) (rejecting argument that purity and not weight should be used in calculating base offense level);

*United States v. Holmes,* 838 F.2d 1175, 1177–78 (11th Cir.), *cert. denied,* 486 U.S. 1058, 108 S.Ct. 2829, 100 L.Ed.2d 930 (1988) (Narcotics Penalties and Enforcement Act of 1986 does not violate due process or equal protection clause despite reliance on weight and not purity for sentencing purposes); *United States v. Whitehead,* 849 F.2d 849 (4th Cir.), *cert. denied,* 488 U.S. 983, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988) (same). *But see United States v. Rosado–Ubiera,* 947 F.2d 644 (2d Cir.1991) (per curiam) (district court's intention to depart downward based on low purity noted by appellate court without explanation).

Because we believe the argument with respect to a low drug quality departure is not frivolous, counsel's motion to withdraw from representation in the case is DENIED. However, for the reasons stated above and in our order, the judgment of the district court is summarily

AFFIRMED.