4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Adrian LOMAX, Plaintiff-Appellant,
v.
Karl BREKKE and Donald Gudmanson, Defendants-Appellees.
 No. 90-2762.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1992.*
Decided Aug. 17, 1993.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Adrian Lomax[1] appeals the district court's dismissal with prejudice of his civil rights suit accompanied by a motion to proceed in forma pauperis on the ground that it was frivolous. 28 U.S.C. Sec. 1915(d). Mr. Lomax claims that he was denied a right to receive a certain visitor in prison, in contravention of Wisconsin Administrative Code regulations which create a protected liberty interest in prison inmate visitation. Because these regulations do not create a protected liberty interest in receiving visitors who were unknown to the inmate prior to his incarceration, we affirm.
 
 I. BACKGROUND
 
 2
 Mr. Lomax brought a civil rights action under 42 U.S.C. Sec. 1983, claiming that the removal by corrections officials of Debra Morke from his list of approved visitors violated his right to substantive and procedural due process under the Fourteenth Amendment. Mr. Lomax contends that Wisconsin Administrative Code Sec. DOC 309.12 (April 1990), which provides guidelines for maintaining approved visitors' lists, creates a constitutionally protected liberty interest in his favor. In particular, he contends that the regulations provide an exhaustive list of reasons for which a person may be removed from an inmate's list of approved visitors, and require prison officials to follow a set procedure when they decide to remove a visitor from the list. Mr. Lomax claims that Ms. Morke was removed from his list of approved visitors because he was not acquainted with her before his incarceration, a reason for exclusion which does not appear in the regulations. Mr. Lomax further contends that this was done without any notice to either Ms. Morke or himself, and without a hearing, also in violation of the regulations. Mr. Lomax filed a petition and affidavit for leave to proceed in forma pauperis. The district court dismissed his complaint as being frivolous within the meaning of 28 U.S.C. Sec. 1915(d). The district court concluded that Mr. Lomax had no protected liberty interest in receiving a particular visitor in prison, and thus no arguable legal basis for maintaining his suit. Mr. Lomax filed a timely notice of appeal and a motion to proceed in forma pauperis on appeal. The district court granted the motion. Believing that there may be an arguable basis for concluding that the Wisconsin Administrative Code creates the protected liberty interest upon which Mr. Lomax relies, precluding dismissal on the ground that Mr. Lomax's complaint is wholly frivolous, we directed the Attorney General of Wisconsin to file a brief in support of the judgment below. Upon consideration of the briefs of both Mr. Lomax and the Attorney General, we affirm.
 
 II. ANALYSIS
 
 3
 A threshold matter requires our attention. The district court denied the appellant leave to proceed in forma pauperis in the district court because it determined that the complaint "failed to present an arguable claim for relief." Lomax v. Brekke and Gudmanson, No. 90 C 0547 (E.D.Wis. July 16, 1990) (unpublished order). Nevertheless, it granted permission to take an appeal in forma pauperis from that determination. It characterized the claim as "unpersuasive" but not "frivolous." These determinations are inconsistent. Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir.1982) (per curiam ); cf. Johnson v. Gramley, 929 F.2d 350, 351 (7th Cir.1991) (suggesting that the issuance of a certificate of probable cause after characterizing a habeas petition as frivolous requires an explanation by the district court). Nevertheless, because the merits of this case are clear as a matter of law, and amendment of the complaint could not cure the deficiency, see Neitzke v. Williams, 490 U.S. 319, 329-30 (1989), we see no reason to remand at this point in the litigation. Cf. United States v. Upthegrove, 974 F.2d 55, 57 (7th Cir.1992) (per curiam ) (denying counsel leave to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), but nevertheless affirming summarily).
 
 
 4
 A dismissal with prejudice under Sec. 1915(d) is proper when the underlying action is "frivolous or malicious." A claim is frivolous within the meaning of the statute if it is "based on an indisputably meritless legal theory," as would be "(a claim) of infringement of a legal interest which clearly does not exist." Williams, 490 U.S. at 327. Thus, if prison inmates in Wisconsin do not have a federally protected legal interest in receiving visitors with whom they were not acquainted prior to their incarceration, Mr. Lomax's action is legally frivolous and must be dismissed.
 
 
 5
 A prison inmate's interest in receiving certain visitors is not guaranteed directly by the due process clause of the Fourteenth Amendment. A right to receive visitors is a protected liberty interest only if state law recognizes it as such. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989); Hewitt v. Helms, 459 U.S. 460, 469-71 (1983); Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir.1991). In determining whether the Wisconsin Administrative Code creates the protected liberty interest Mr. Lomax claims, we must consider whether the regulation contains specific directives to corrections officials that, if the regulation's "substantive predicates" are met, a particular outcome must necessarily follow. Thompson, 490 U.S. at 463. In making this determination, we consider the difference between regulations which create a substantive right and those which establish procedures to guide the decisionmaking of prison officials. Villanova v. Abrams, 972 F.2d 792, 798 (7th Cir.1992); Pardo v. Hosier, 946 F.2d 1278, 1282-83 (7th Cir.1991); Kellas v. Lane, 923 F.2d 492, 495 (7th Cir.1990); Colon v. Schneider, 899 F.2d 660, 667 (7th Cir.1990). "When a state chooses to establish procedural guidelines it does not create an independent substantive right." Pardo, 946 F.2d at 1282; see also Hewitt, 459 U.S. at 471 (mere creation of procedural guidelines, without more, does not indicate the existence of a protected liberty interest) (dicta).
 
 
 6
 Mr. Lomax claims that prison officials violated his right to due process by removing Ms. Morke from his approved list contrary to the provisions of Wisconsin Administrative Code Sec. DOC 309.12(4)-(8) (April 1990). The Attorney General, who at our request filed a brief in support of the judgment below, concedes that Mr. Lomax "did properly allege violation of a state law that generated a liberty interest in having this particular visitor on his visiting list." (Brief of Attorney General at 5).
 
 
 7
 As the Attorney General also points out, however, Wisconsin Administrative Code Sec. DOC 309.12(2)(a) (April 1990) applies to this case. This regulation provides in relevant part that "only visitors known to the inmate and on the inmate's approved list shall be permitted to visit the inmate," and has been construed by Wisconsin prison officials to mean that the visitor must have been known to the inmate before he became incarcerated. The appellant has not disputed this interpretation by way of a reply brief. As a general matter, state courts in Wisconsin accord considerable deference to agency interpretations of their own regulations. See Law Enforcement Standards Bd. v. Village of Lyndon Station, 101 Wis.2d 472, 489-90, 305 N.W.2d 89, 97-98 (Wis.1981); Wagner v. State Dept. of Health & Social Services, 163 Wis.2d 318, 325-26, 471 N.W.2d 269, 272 (Wis.Ct.App.1991). Moreover, in the interests of inmate security and proper rehabilitation, Wisconsin prison officials are entitled to construe Sec. DOC 309.12(2)(a) to mean that only persons who were known to the inmate prior to his incarceration may be allowed to visit the inmate. See Bell v. Wolfish, 441 U.S. 520, 546-48 (1979); Colon, 899 F.2d at 667-68. Mr. Lomax's claim that he has a constitutionally protected liberty interest created by Wisconsin law in continuing to receive visits from Ms. Morke therefore proves to be unfounded.
 
 CONCLUSION
 
 8
 Because the Wisconsin Administrative Code provisions governing inmate visitation do not create the protected liberty interest Mr. Lomax claims, the decision of the district court dismissing Mr. Lomax's complaint with prejudice is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the appellant's brief, the court notified the appellant that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the appellant might file a "Statement as to the Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The events leading to this action took place while Mr. Lomax was an inmate of the Oshkosh Correctional Institution. Our records indicate that Mr. Lomax is currently an inmate of the Racine Correctional Institution in Sturtevant, Wisconsin