21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael CRISP, Plaintiff-Appellant,
v.
Clarence TRIGG, et al., Defendants-Appellees.
 No. 93-1497.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1994.*
Decided April 7, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Michael Crisp, an inmate at the Indiana Youth Center, filed a civil rights suit under 42 U.S.C. Sec. 1983 against thirty-nine prison officials in their official and individual capacities. Crisp's suit was dismissed with prejudice on the ground that it was legally frivolous under 28 U.S.C. Sec. 1915(d), and he appeals. We affirm.
 
 
 2
 According to Crisp's complaint, Crisp was employed in the Officer's Dining Room at the Indiana Youth Center. As part of his assigned duties, he was required to punch the meal tickets of officers and staff, and to register each transaction in a logbook. When a number of officers refused to allow Crisp to punch their tickets, he informed his supervisor. Crisp did not, however, stop there. Having determined that Officer Karen Black was abusing her dining room privileges "more so than others," Crisp told her that not paying for a meal constituted theft, and, within the officer's earshot, commented to a fellow inmate that Officer Black "was going to open up a can of worms she couldn't get closed." He was then placed in the Detention Unit Lock-Up (segregation) for threatening an officer. When asked by another corrections official for his side of the story, Crisp replied that he had no problems with Officer Black, "other than her being a liar and a thief." After being allowed to return to his job, Crisp was placed under investigation for two weeks. Crisp alleges that he was placed in segregation and was investigated in direct reprisal for the exercise of his First Amendment rights.[1]
 
 
 3
 Under Sec. 1915(d), a judge has the authority to dismiss a complaint that is based on "an indisputably meritless legal theory," as would be "[a claim] of infringement of a legal interest which clearly does not exist." Nietzke v. Williams, 490 U.S. 319, 327-28 (1989). Without specifically addressing Crisp's retaliation claim, the district court concluded that the complaint failed to allege the abridgement of Crisp's right of free speech, or any other arguable constitutional claim. It is, however, well-established that an act taken by prison officials in retaliation for an inmate's exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be permissible. See Cain v. Lane, 857 F.2d 1139, 1143 & n. 6 (7th Cir.1988); Harris v. Fleming, 839 F.2d 1232, 1237-38 (7th Cir.1988); Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987) (per curiam ). In Cain, this court held that an inmate's allegation that he had been placed in segregation as punishment for collecting information concerning prisoner medical care states a constitutional claim. 857 F.2d at 1141, 1143. In the present case, Crisp contends that he was punished for "blowing the whistle" on certain corrections officers' refusal to pay for meals. (Appellant's Br. at 6, 10.) Although most of the cases involving retaliation for employee whistleblowing have been brought by persons who were not incarcerated, see, e.g., O'Connor v. Chicago Transit Auth., 985 F.2d 1362, 1366-67 (7th Cir.1993); Greenberg v. Kmetko, 922 F.2d 382, 383 (7th Cir.1991), we see no reason why an analogous claim of retaliation for whistleblowing brought by a prison inmate should be deemed "indisputably meritless" for purposes of Sec. 1915(d).
 
 
 4
 We nevertheless agree with the district court that the merits of Crisp's case are clear as a matter of law, and thus see no need to remand. Cf. United States v. Upthegrove, 974 F.2d 55, 57 (7th Cir.1992) (per curiam ) (denying counsel's motion to withdraw pursuant to Anders v. California, yet affirming the conviction). Even a generous reading of Crisp's complaint leads us to conclude that prison officials had a legitimate motive in disciplining Crisp. As Crisp himself acknowledges, he made remarks to a fellow inmate and to prison officials concerning Officer Black which were reasonably understood as being inflammatory. In order to maintain a claim of retaliation, Crisp must demonstrate that he was placed in segregation for constitutionally protected speech, not for speech that undermines prison security. See Hudson v. Palmer, 468 U.S. 517, 523 (1984); Pell v. Procunier, 417 U.S. 817, 822 (1974); see also Thornburgh v. Abbott, 490 U.S. 401, 407-09, 419 (1989). The chronology of events recounted in Crisp's complaint shows that he was not punished merely because he reported to his supervisor that certain officers were refusing to allow Crisp to punch their meal tickets. On the contrary, Crisp was placed in segregation only after he made belligerent remarks to another inmate concerning a corrections officer.[2] In a prison setting, such remarks are not constitutionally protected. See, e.g., Pell, 417 U.S. at 822.[3] It is thus clear from the face of Crisp's complaint that he cannot demonstrate that he was punished in retaliation for exercising his First Amendment rights.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 In his complaint, Crisp also alleged violations of his Fifth, Eighth and Fourteenth Amendment rights. In his appellate brief, Crisp does not challenge the district court's dismissal of those claims, but focuses solely on his First Amendment retaliation claim
 
 
 [2]
 Cf. Cain, 857 F.2d at 1143 n. 6 (inmate's complaint must set forth "a chronology of events from which retaliation may plausibly be inferred"); Harris, 839 F.2d at 1237-38 (same); Murphy, 833 F.2d at 108-09 (same)
 
 
 [3]
 In Pell, the Supreme Court held that an inmate retains only those First Amendment rights which are consistent with his status as a prisoner and with the legitimate penological objectives of the prison. 417 U.S. at 822. The Court further observed that the maintenance of internal security is "central to all other corrections goals." Id. at 823