[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12892
Non-Argument Calendar

_____

D. C. Docket No. 06-00325-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERALD JEROME DORSEY,
a.k.a. Jerrel Dawson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 2, 2008)

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jerald Jerome Dorsey ("Dorsey") appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). Specifically, Dorsey asserts that the district court erred because (1) the government failed to prove that the weapon was a "firearm" as defined by 18 U.S.C. § 921; (2) the district court erroneously denied two sets of proposed jury instructions; and, (3) the prior convictions that triggered the application of 18 U.S.C. § 924(e) (the Armed Career Criminal Act) needed to be pleaded in the indictment and proven to a jury. For the reasons below, we affirm.

## I. Background

The evidence at trial established the following: In response to complaints from the manager of the apartment building in which Dorsey lived, police arrived at Dorsey's apartment to investigate. Candace Ridley answered the door and Dorsey permitted police to enter and gave consent to search. During their search, police discovered about eleven "hits" of crack cocaine in the apartment and two weapons under the mattress in the bedroom. The first weapon was an inoperable antique firearm manufactured prior to 1898. The government stipulated that this weapon was not a "firearm" as defined by federal law and that Dorsey's possession of it was not illegal.[1] The second weapon was a handgun manufactured in

---

[1] Section 922(g) criminalizes the possession of a firearm by a felon. An antique firearm—defined as one "manufactured in or before 1898"—does not constitute a "firearm" for purposes of the crime. See 18 U.S.C. § 921(a)(16)(A).

Belgium.  The weapon listed a serial number but not a manufacture date.  A subsequent trace of the gun did not yield any information.  Authorities were able to determine, however, that the gun was likely manufactured before the enactment of the Gun Control Act of 1968, the year in which manufacturers were required to place serial numbers on firearms.  According to agents from the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), the weapon at issue was a firearm for purposes of § 922(g).[2]

During the testimony about the antique firearm, the court instructed the jury that it was not unlawful for Dorsey to possess an antique firearm and that for purposes of the indictment, the antique weapon was not the firearm at issue.   At the close of the government's case-in-chief, Dorsey moved for judgment of acquittal, arguing that there was no proof of knowledge and no proof the gun traveled in interstate commerce.  The court denied the motion.  In his defense, Dorsey presented testimony of a neighbor who stated that he had seen Dorsey allow various people, including prostitutes, to use a room in his apartment.  The government presented no rebuttal testimony and Dorsey did not renew his motion for judgment of acquittal.

Dorsey then requested that the jury be instructed on his theory of defense:

---

[2]  A "firearm" for purposes of the statute is "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3)(A).

3

that someone else put the gun under his bed. The court denied the instruction, recognizing that it was customary to give theory-of-defense instructions when applicable, but explaining that "I'm a little skittish about this because there is really no specific evidence that addresses Mr. Dorsey's claim." Instead, the court agreed to give an instruction that the government had the burden to prove Dorsey knew the gun was there.

Dorsey also requested that the jury be instructed that the government had to prove the gun was a "firearm" under federal law and was not an antique. The court denied this instruction, concluding that the date of manufacture was not an element of the offense. In its instructions to the jury, the court defined "firearm," explained that the government had to prove Dorsey knowingly possessed a firearm, and reminded the jury that the antique gun was not the firearm at issue. The jury convicted Dorsey. (Id. at 258).

The probation officer prepared a pre-sentence investigation report ("PSI"), determining that Dorsey faced a mandatory minimum sentence of 15 years because Dorsey qualified as a career offender under the Armed Career Criminal Act (a sentencing enhancement) due to his prior convictions for crimes of violence and drug offenses. See 18 U.S.C. § 924(e). Thus, his guidelines range was 262 to 327 months imprisonment.

4

Dorsey objected to the PSI on the grounds that (a) he had no notice of the application of the Armed Career Criminal Act, and (b) the court should depart downward based on the sentencing factors in 18 U.S.C. § 3553(a).

At sentencing, the court noted that Dorsey had at least five convictions that were qualifying offenses for purposes of the Armed Career Criminal Act, and it determined that the enhancement applied. The court then considered the guidelines range and Dorsey's numerous convictions, concluding that although he had a history of recidivism, there was a long lapse between recent convictions. The court determined that a sentence of 180 months' imprisonment was sufficient under the § 3553(a) factors.

## II. Standard of Review

We review <u>de novo</u> the sufficiency of the evidence supporting a criminal conviction. <u>United States v. Silvestri</u>, 409 F.3d 1311, 1327 (11th Cir. 2005). When a defendant fails to renew his Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal at the close of the defense case, however, this court will reverse a conviction only to prevent manifest miscarriage of justice. <u>United States v. Adams</u>, 91 F.3d 114, 116 (11th Cir. 1996).

A district court's refusal to give a requested jury instruction is reviewed under the abuse of discretion standard. <u>United States v. Morales</u>, 978 F.2d 650,

652 (11th Cir. 1992). We review the application of the sentencing guidelines by the district court de novo and review its factual findings only for clear error. United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005). Constitutional challenges to a sentence are also reviewed de novo. United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005).

### III. Discussion

### 1. The Government's Burden in a 18 U.S.C. § 921 charge

To establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce. United States v. Deleveaux, 205 F.3d 1292, 1296-1297 (11th Cir. 2000). The term "firearm" is defined as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3). However, this term does not include an antique firearm. Id. An "antique firearm" is one that was "manufactured in or before 1898." 18 U.S.C. § 921(a)(16)(A). The antique weapons exception is an affirmative defense to the crime. United States v. Laroche, 723 F.2d 1541, 1543 (11th Cir. 1984).

The government has the burden of proving guilt beyond a reasonable doubt

on every element of the offense.  Id.  Where a statute creates an affirmative defense, the government retains the ultimate burden of persuasion, but the defendant has the burden of going forward with sufficient evidence to raise the affirmative offense as an issue.  Id.; United States v. Stout, 667 F.2d 1347, 1353 (11th Cir. 1982) ("once the government has proven the elements of the offense, the burden shifts to the defendant to demonstrate qualification under an exception.").  The defendant must properly present the affirmative defense, after which point the government assumes the burden of disproving its applicability.  Laroche, 723 F.2d at 1543.

Here, we conclude that Dorsey failed to sufficiently raise the affirmative defense.  An ATF agent testified that the gun at issue in this case fired a shot during testing; thus, a jury could conclude that it was a "firearm" within the meaning of § 921.  And although the ATF agents could not testify as to the date the firearm was manufactured, nothing in their testimony indicated or even implied that it had been manufactured before 1898.  At most, the testimony established that agents were unable to complete a trace of the weapon possibly because the weapon might have been manufactured before the Gun Control Act went into effect in 1968.  See United States v. Lawrence, 349 F.3d 109, 123 (3d Cir. 2003) (citing Laroche and explaining there was insufficient evidence to meet the defendant's

7

burden where the evidence "established only the *possibility* that the

firearm . . . could have been manufactured before 1898"). Thus, Dorsey did not

meet his burden to establish sufficient evidence to raise the affirmative defense.

## 2. *Jury Instructions*

Dorsey next appeals the district court's denial of two requested jury

instructions. The first dealt with whether the government had to prove that the gun

in question was manufactured after 1898. The proposed jury instruction stated the

government did have to prove this. The second proposed instruction was Dorsey's

theory-of-the-case defense: that others who were in his apartment put the firearm

underneath his mattress without Dorsey's knowledge.

We will reverse a district court's denial of proposed jury instructions only if

"(1) the requested instruction correctly stated the law; (2) the actual charge to the

jury did not substantially cover the proposed instruction; and (3) the failure to give

the instruction substantially impaired the defendant's ability to present an effective

defense." United States v. Palma, 511 F.3d 1311, 1314-1315 (11th Cir. 2008).

Although a district court judge is "vested with broad discretion in formulating his

charge to the jury so long as it accurately reflects the law and the facts," United

States v. Silverman, 745 F.2d 1386, 1395 (11th Cir. 1984), a defendant "is entitled

to have presented instructions relating to a theory of defense for which there is any

foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." United States v. Lively, 803 F.2d 1124, 1126 (11th Cir. 1986). In determining whether there is a proper evidentiary foundation for the instruction, the evidence must be viewed in the light most favorable to the accused. United States v. Williams, 728 F.2d 1402, 1404 (11th Cir. 1984).

The district court did not err in denying the first instruction. That the gun was manufactured prior to 1898 is not an element of the offense—it is an affirmative defense; therefore, stating to the jury that the government had to prove that the gun was manufactured after 1898 would have been an incorrect statement of the law. Accordingly, the district court did not err.

As for the second proposed instruction, even assuming that the district court did err, such error was harmless because the government's evidence overwhelmingly supported a showing of constructive possession. (In other words, any error did not "substantially impair the defendant's ability to present an effective defense.") To prove that a defendant committed an offense under § 922(g)(1), the government must show, among other things, that he knowingly possessed a firearm or ammunition. Deleveaux, 205 F.3d at 1297. The government need not prove actual possession in order to establish "knowing

9

possession;" it need only show constructive possession through direct or circumstantial evidence. United States v. Greer, 440 F.3d 1267, 1271 (11th Cir. 2006). "[T]he government can establish constructive possession of a firearm by proving 'ownership, dominion, or control over the firearm.'" United States v. Thompson, 473 F.3d 1137, 1143 (11th Cir. 2006), cert. denied, 127 S.Ct. 2155 (2007). A defendant can be in constructive possession of a firearm even if it is not on him or near his person. United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004). Moreover, a defendant may be deemed to be in constructive possession of contraband where he owns or exercises dominion and control over the premises in which the contraband is concealed. United States v. Molina, 443 F.3d 824, 829 (11th Cir. 2006).

Here, the government could establish constructive possession based on Dorsey's control over the apartment in which the gun was found. The fact that there may have been evidence from which the jury could infer that others had access to the bedroom and could have placed the gun under the mattress did not negate Dorsey's constructive possession. Thus, any error in denying the proposed instruction was harmless.

### 3. The Armed Career Criminal Act Enhancement

Finally, Dorsey argues that the Armed Career Criminal Act enhancement

violated his constitutional rights because the prior convictions were not alleged in the indictment and not proven to a jury. He concedes that this court has rejected his argument. See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-1316 (11th Cir. 2005). We, therefore, need not address this argument further.

## IV. Conclusion

For the reasons stated above, we **AFFIRM.**